Case 4:20-cv-00079   Document 1-1   Filed on 01/09/

8/13/2019 5:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35936944
By: Joshua Hall
Filed: 8/13/2019 5:03 PM

CAUSE NO. **2019-55955**

| | | |
|---|---|---|
| JOSE GUILLEN | § | IN THE CIVIL DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| Vs. | § | OF HARRIS COUNTY, T E X A S |
| | § | |
| LESTER LASTO AND | § | |
| PAT'S TOWING, INC. | § | |
| *Defendants.* | § | __215th__ JUDICIAL DISTRICT |

# Plaintiff's Original Petition,
# Request For Disclosure, Request For Admissions
# And Request For Production

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JOSE GUILLEN** ("Plaintiff") and files this, his Plaintiff's Original Petition and discovery incorporated herein, complaining of Defendants, **LESTER LASTO** and **PAT'S TOWING, INC.** and for cause of action would respectfully show that:

### NATURE OF LAWSUIT

1. This action is an action for damages arising out of Plaintiff's personal injuries resulting from a motor vehicle collision that occurred on or about September 1, 2017.

### CLAIMS FOR RELIEF

2. Pursuant to Rule 47 (c) of the Texas Rules of Civil Procedure, Plaintiff seeks only monetary relief of $ 100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if it becomes necessary.

**EXHIBIT A**

## THE PARTIES

3. Plaintiff is an individual resident of Harris County, Texas.

4. Defendant, Lester Lasto, is an individual resident of Oklahoma County and he may be served with service of process at: 2409 S. Mansfield, Del City, Oklahoma 73115 or wherever he may be found

5. Co-Defendant, Pat's Towing, Inc. is a corporation organized in Oklahoma and upon whom service may be obtained by serving its Registered Agent, Gary Keahey at 905 NW 5th Street in Moore, Oklahoma 73160.

## JURISDICTION AND VENUE

6. Venue is proper in Harris County, Texas pursuant to §§ 15.002 (1) & (2) of the Tex. Civ. Prac. & Rem. Code as all or a substantial part of the events, conduct, acts or omissions giving rise to the claim that is the basis of this suit occurred in Harris County, Texas.

7. This Court has jurisdiction of the parties and of the subject matter of this action as Plaintiff seeks damages that are in an amount within the jurisdictional limits of this Court.

## FACTS

8. On or about September 1, 2017, Plaintiff who was driving southbound on the 8701 block of Interstate 45 in Houston, Harris County, Texas when suddenly and with very short notice of screeching tires, the direction from which could not be ascertained before that impact that ensued, Defendants' heavy vehicle driven by Lester Lasto collided with Plaintiff's vehicle from behind and caused serious damage to Plaintiff's vehicle and serious bodily injury to Plaintiff. The initial collision from behind caused Plaintiff's vehicle to careen into the retaining concrete middle divider on the freeway. Defendant, Lester Lasto, was ticketed for fault at the scene for failing to control his speed. Plaintiff's vehicle which was a relatively a new

vehicle was declared a total loss. Plaintiff sustained personal injury and has sustained medical expenses both for which he now sues.

## CAUSE(S) OF ACTION

9. *Negligence.* Plaintiff would show that nothing it did or failed to do on the occasion in question caused or in any way contributed to cause this occurrence. On the contrary, this collision and the resulting damages to Plaintiff was proximately caused by the negligence and failure to exercise ordinary care on the part of Defendant, Lester Lasto. Specifically, Plaintiff would show that this collision was proximately caused by the negligence on the part of Defendant, Lester Lasto, in one or more of the following particulars, to-wit:

    a.    In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

    b.    In failing to timely apply the brakes to his vehicle in order to avoid the collision in question.

    c.    In driving his vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances.

    d.    In failing to turn his vehicle in an effort to avoid the collision in question.

    e.    In failing to keep an assured clear distance.

    f.    In failing to change lanes safely.

    g.    In failing to have his vehicle at the time of and immediately prior to the collision under proper control.

    h.    In driving his vehicle in a careless and reckless manner.

    i.    In failing to exercise the standard of care required by law.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this lawsuit and the resultant injuries and damages to Plaintiff. All conditions precedent have been performed or have occurred.

10. *Negligence Per Se.* Defendant, Lester Lasto's conduct described herein above constitutes an unexcused breach of duties imposed by the applicable provisions of the Texas Transportation Code. Plaintiff is a member of the class that the Texas Transportation Code was designed to protect and the collision at issue was the type of incident intended to be protected against. Defendant, Lester Lasto's unexcused breach of the duty imposed by the Texas Transportation Code proximately caused the injuries and damages to Plaintiff

11. *Respondeat Superior.* Co-Defendant, Pat's Towing, Inc., was at the time of the accident the employer of Defendant, Lester Lasto. At the time of the accident, Defendant, Lester Lasto, was acting within the course and scope of his employment with Pat's Towing, Inc.. Under the doctrine of respondeat superior, an employer can be held vicariously liable for the tortious acts of its employees conducted within the scope of their employment. *Baptist Memorial Hospital Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). Accordingly, Co-Defendant, Pat's Towing, Inc., is vicariously liable for the negligent acts of Defendant, Lester Lasto.

## DAMAGES

12. Upon trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages as a proximate result of Defendant, Lester Lasto's negligence. Plaintiff will request the Court and Jury to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Plaintiff is entitled to have the Jury in this case separately consider certain elements of damages provided by law, to

determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for injuries, damages and losses incurred and to be incurred. Elements of damages from the date of the collision in question until the time of trial of this case are as follows:

    a.    Physical pain that Plaintiff suffered from the date of the collision in question to the time of trial.

    b.    Mental anguish that Plaintiff suffered from the date of the collision in question to the time of trial.

    c.    Reasonable and necessary medical expenses incurred in the treatment of Plaintiff's injuries from the date of the collision in question to the time of trial.

    d.    Lost wages and loss of wage-earning capacity, if any, sustained by Plaintiff from the date of the collision in question to the time of trial.

    e.    Physical and mental impairment, if any, suffered by Plaintiff from the date of the collision in question to the time of trial.

13.    Elements of damages in the future beyond the trial are as follows:

    a.    Physical pain that Plaintiff will suffer in the future beyond the time of trial.

    b.    Mental anguish that Plaintiff will suffer in the future beyond the time of trial.

    c.    Reasonable and necessary medical expenses incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial.

## REQUESTS FOR DISCLOSURE

14.    Plaintiff requests Defendant, **Lester Lasto**, that on or before 3:00 p.m. on the 51st day following the date of service of this request, that he answer and file a response to Plaintiff's Request For Disclosure Questions as listed in Rule 194.2 of the Texas Rules of Civil Procedure; said questions which are incorporated herein by reference.

15. Plaintiff requests Co-Defendant, **Pat's Towing, Inc.**, that on or before 3:00 p.m. on the 51st day following the date of service of this request, that it answer and file a response to Plaintiff's Request For Disclosure Questions as listed in Rule 194.2 of the Texas Rules of Civil Procedure; said questions which are incorporated herein by reference.

## REQUEST FOR PRODUCTION

16. Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that on or before 3:00 p.m. on the 51st day following the date of service of this request, that Defendant, **Lester Lasto**, produce either the originals or, where logically applicable, true and correct copies of the documents which are listed herein below, to wit:

   a. A legible copy of Defendant, Lester Lasto's driver's license, including the reverse side of any restrictions which are reflected on the face of such license.

   b. A copy of the automobile title and registration, as of the date of the alleged occurrence made the basis of this lawsuit, for the vehicle Lester Lasto was driving at the time of the collision with Plaintiff.

   c. If no automobile title and registration exists, then produce a copy of the purchase agreement/contract for the vehicle Lester Lasto was driving at the time of the collision with Plaintiff.

   d. Copies or duplicate originals of any and all photographs and video tapes of the scene of the occurrence, damage to vehicles involved in the occurrence, damages to other property as a result of the occurrence and/or pertaining, in any way, to alleged injuries to any persons arising out of the occurrence made the basis of this lawsuit.

   e. Copies of any and all diagrams, drawings, reproductions, exhibits or any other documentary or demonstrative evidence relevant to any issues in this case.

  f. Copies of any and all insurance policies which would cover liability for the injuries and/or damages arising out of the incident forming the basis of this lawsuit whether such policy is primary, excess, umbrella, secondary, experienced, rated, or self-insured.

  g. Copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

  h. Copies of any investigation conducted as a result of the occurrence made the basis of this lawsuit prior to Lester Lasto' anticipation of litigation, when this Defendant, Lester Lasto, received notice of this claim.

  i. If Defendant, Lester Lasto, has been sued within the last ten years, produce copies of any petitions, judgments, and releases relating to each such suit.

  j. Any and all charts, diagrams, graphs, drawings, maps, sketches, models or other real, demonstrative, documentary, or other evidence which Defendant, Lester Lasto, seeks to display or introduce into evidence or use as a jury aid upon trial of this cause.

  k. For the period from October 17, 2013 to the present, produce a copy of any surveillance movies or photographs that have been made of Plaintiff.

  l. Any police report or other report of investigation of any governmental agency or private organization relating to the occurrence in question.

  m. Copies of any document or statement that any witness of Defendant, Lester Lasto, will use or you anticipate may use to refresh his or her memory, either for deposition or at trial.

n.  Any damage appraisal of all vehicles involved in the accident made the basis of this lawsuit.

o.  A copy of any repair invoice Defendant, Lester Lasto was driving for repairs made to damages caused as a result of the collision which Plaintiff was involved in.

p.  Any and all photographs that Defendant, Lester Lasto, has of the scene of the accident.

q.  Copies of any settlement checks issued as compensation for any claimed loss to anyone involved in the collision made the basis of this suit.

r.  Any and all documents or other tangible evidence which supports any defense Defendant, Lester Lasto, asserts in this cause.

s.  Any document in the possession of Defendant, Lester Lasto, which proves that he was at the time of the accident, an employee of Co-Defendant, Pat's Towing, Inc..

t.  Any document in the possession of Defendant, Lester Lasto, which proves that he was at the time of the accident acting within the course and scope of his employment with Co-Defendant, Pat's Towing, Inc..

u.  Copies of any training manual prepared by Co-Defendant, Pat's Towing, Inc.. and given to Defendant, Lester Lasto.

v.  A legible copy (front & back) of any identification card(s) or other ID issued by Co-Defendant, Pat's Towing, Inc.. to Defendant, Lester Lasto.

## REQUEST FOR ADMISSIONS

17.  Plaintiff requests Defendant, **Lester Lasto**, that on or before 3:00 p.m. on the 51st day following the date of service of this request, that he answer and file a response to the following Plaintiff's Request For Admissions in accordance with Rule 169 of the Texas Rules of Civil Procedure.

**Admit or deny:**

(1) That you were the driver of the vehicle which collided with Plaintiff's vehicle on the date and location made referenced in this suit.

(2) That at the time of the collision which is the basis of this suit, you were then and there an employee of Co-Defendant, Pat's Towing, Inc..

(3) That at the time of the collision which is the basis of this suit, you driving on a Texas public highway was one of your job duties with Pat's Towing, Inc..

(4) That immediately before the collision which is the basis of this suit, you failed to control you speed and consequently collided with Plaintiff's vehicle from behind.

18. Plaintiff requests Co-Defendant, **Pat's Towing, Inc.**, that on or before 3:00 p.m. on the 51st day following the date of service of this request, that it answer and file a response to Plaintiff's Request For Admissions in accordance with Rule 169 of the Texas Rules of Civil Procedure.

**Admit or deny:**

(1) That at the time of the collision which is the basis of this suit, Co-Defendant, Lester Lasto was your employee.

(2) That driving one of your vehicles upon a Texas Interstate Highway was within the course and scope of Co-Defendant, Lester Lasto's employment duties.

### RULE 193.7 NOTICE

19. Plaintiff hereby gives notice to Defendant and Co-Defendant that any and all documents produced by the responding party responsive to any discovery request in this cause may be used against that responding party in any pretrial proceeding or at trial without the necessity of authenticating the documents.

## PRAYER

20. Plaintiff has been damaged and will be damaged in a sum equal to an amount within the jurisdictional limits of this Court for which Plaintiff now brings suit.

21. **WHEREFORE PREMISES CONSIDERED**, Plaintiff requests that both Defendants be duly cited to appear and answer, and that on final trial Plaintiff recover:

1) judgment against Defendants for Plaintiff's actual damages as set forth above, in an amount within the jurisdictional limits of this Court;

2) interest on said judgment at the legal rate from the date of judgment;

3) prejudgment interest as allowed by law;

4) costs of suit; and

5) such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: _____
Sergio A. Treviño
TBN: 20211520
4901 Irvington Blvd.
Houston, Texas 77009
Office: (713) 694-8818
Fax: (832) 504-9485
TrevinoLaw2001@aol.com
ATTORNEY FOR PLAINTIFF